## WARD, GUARDIAN, *v.* ANGEVINE.

GUARDIAN.—*Removal of.*—*Practice.*—*Appeal.*—Pending a petition to remove the guardian of an insane person, on the ground that he had taken his ward to a neighboring state and was there keeping him, an order was made that such guardian should bring his ward within the jurisdiction of the court by a day fixed. Having failed to perform the order, a rule was entered at a subsequent term requiring the guardian to show cause why he should not be attached. To this he presented an answer, to which exceptions were filed and submitted. Without deciding the exceptions, the court summarily removed the guardian, and refused an application on his part to file an answer to the petition for his removal and to introduce his evidence. The court also refused the guardian's prayer for an appeal and refused to fix the penalty of an appeal bond or the time within which it should be filed.

*Held*, that on the exceptions to the answer to the rule to show cause, etc., the question of the removal of the guardian was not before the court, and that it

was error to pass over the exceptions and summarily remove him without allowing him to file an answer and introduce his evidence.

*Held*, also, that the order of removal was a final judgment from which an appeal lay to the Supreme Court.

*Held*, also, that the court erred in refusing an appeal, and also in refusing to fix the penalty of the appeal bond and the time within which it should be filed.

PRACTICE.—*Pleading Struck Out.*—An answer struck out on motion is not a part of the record unless made so by a bill of exceptions.

SAME.—*Bill of Exceptions.*—Where no time beyond the term is given to file a bill of exceptions, it cannot be signed and filed at a subsequent term.

From the Dearborn Circuit Court.

*J. Schwartz*, for appellant.

*O. B. Liddell*, for appellee.

DOWNEY, J.—Ward, the appellant, was the guardian of James Angevine, a person of unsound mind, appointed by the Dearborn Common Pleas, on the 20th day of January, 1870. On the 25th day of October, 1872, James A. Angevine, the appellee, filed in the common pleas his petition, in which he represented that said James Angevine was, and for fifty-four years had been, a *bona fide* resident of, and domiciled in, Dearborn county, Indiana; that in January, 1870, after an inquest, Ward was appointed guardian of the person and estate of said James Angevine, gave bond, and was sworn; that at that time said James Angevine was and still is the owner of a farm and dwelling-house thereon, and then resided on said farm in said dwelling-house, with petitioner, who is his son, and who, with his wife and family, was then also residing with said James Angevine, the petitioner having then and there attended to the wants and necessities of the said James Angevine, and nursed and otherwise taken care of him. He further states that after his appointment as such guardian, to wit, on the 28th day of September, 1870, during the absence from home of said petitioner and his wife, who were then attending court upon a suit then pending in the Dearborn Circuit Court, which the said Ward, as such guardian, had instituted, in the name of said James Angevine, against the petitioner for the recovery of the possession of the said

premises, where the said James Angevine then resided with
petitioner and his family, the said Ward, without the con-
sent or authority of said court of common pleas, and forci-
bly and without the consent of the said James Angevine,
and without the consent of the petitioner, unlawfully removed
the said James Angevine from his said dwelling and farm,
and from the said county of Dearborn and State of Indiana,
and beyond the jurisdiction and control of said court, and
conveyed him to the State of Illinois, where said Ward has
been since unlawfully keeping and detaining and still detains
him. It is further stated that said James Angevine has no
wife, but has children and grandchildren living, namely,
James A. Angevine, etc., and that said Ward is not related
to said James Angevine, nor in any way interested in his
estate; that said James Angevine may and can be as well
and as cheaply taken care of in said county of Dearborn as
in the State of Illinois, or anywhere else, and that the peti-
tioner is fully able and willing to support, maintain, and take
care of him as cheaply as he has, since his removal, been sup-
ported, etc., in the the State of Illinois; that he is advised by
counsel, believes, and says that there was not and is not any
legal authority whatever for the removal of said James Ange-
vine from said county and State, nor for his detention in the
State of Illinois; wherefore he objects to any further allow-
ance being made to said guardian or any one else for the
maintenance and support of the said James Angevine while
he has been, and is being, so unlawfully detained in the State
of Illinois, and away from this county and the jurisdiction
of said court, and that said Ward be ordered and compelled
forthwith to bring the said James Angevine back to this
county and State, within the jurisdiction of said court, and
that the said Ward be removed from his trust as such guar-
dian for his unlawful and unreasonable action and conduct
in the premises. He states that he is willing to accept the
appointment as guardian of the said James Angevine, and
give the required bond, and maintain, support, and take care

of him as well and as cheaply as the same can reasonably be done, or that some other fit and responsible person may readily be found in said county who would do so; wherefore he asks that either he or some other fit person may be appointed guardian of said James Angevine in the place and stead of said Ward, and for all other proper orders in the premises.

This petition was verified by the oath of the petitioner.

On the 9th day of November, 1872, the guardian filed an answer. On the 12th day of the same month, the plaintiff moved to strike out and reject the answer. On the 29th day of the same month, the court sustained the motion and struck out the answer, and the defendant excepted, as the clerk's entry shows. On the 7th day of December, 1872, the court made an order that the guardian, within two weeks from that date, bring his said ward, who was then in the State of Illinois, from there and return him to Dearborn county, and that the question as to the removal of the guardian be continued until the next term.

On the 30th of April, 1873, in the circuit court, the common pleas having been abolished, and its jurisdiction transferred to the circuit court, the petitioner moved the court for a rule against the defendant to show cause why he should not be attached, and on the 2d day of May, he filed his affidavit in support of the motion. The court sustained the motion, and ordered that the defendant show cause, on or before Wednesday of the second week of that term of the court, why he should not be attached for failing to comply with the rule made on the 7th day of December, 1872, by the common pleas. On the 7th day of May, 1873, the guardian showed cause, in a sworn answer, as follows: "Now at this time for answer to the order of the court made in this matter to show cause, if any he has, why he should not be attached for contempt of this court, and the order of said court made in the above matter by the common pleas, etc., on oath, says, he reiterates and states as true, and makes part of this his answer, his answer filed to the peti-

tion in this matter at the November term, 1872, on the 9th day of November, 1872, in order that this court may be well advised of the premises; and also says, by way of premise and preface to his answer, that when he removed his ward to the State of Illinois, he did it with the full concurrence and advice of his principal attorney, etc., who advised, as a matter of right and policy, the removal of said ward to the residence of his daughter, where he now is; that no one connected with the interests of said ward contemplated at any time the ouster of the jurisdiction of this court over the person and property of said ward, nor is said ward detained at this time with intent to prevent the full exercise of the jurisdiction of this court, by the petitioner or any other person. He further states, that pursuant to the order of the said common pleas, at, etc., and within the time prescribed by the order, and as early as possible after the order was made, he went to the residence of said ward, in the county of LaSalle, Illinois, for the purpose of removing him to this county; that on the arrival of petitioner at said ward's residence, and on personal examination of the condition of said ward, physical and mental, and in connection with a regular practising physician, called for that purpose, he found it an impossibility to comply with the said order of the court; that it was and is the belief that said ward could not survive the trip to this county; and in support of which he submits the deposition of the daughter of his said ward, and his son-in-law, with whom he resides and is maintained, as also the deposition of Dr. Vance, and makes them part of this answer, which were taken in anticipation of a showing to be voluntarily made why the order had not been complied with. He disclaims any intention to be guilty of a contempt of court, and says that if the condition of said ward should change, so that a removal shall become possible, a compliance with the order of the court for his return will at once be made, and any other order of the court made, or to be made in the premises."

Exception was taken to the answer of the defendant showing cause as follows :

1. Because the matters of fact in said answer and return set forth are insufficient in law to exculpate and exonerate the said Ward, guardian, from his said contempt of said order of said court in the premises.

2. Because it appears by said answer and return that the said Ward unlawfully removed said James Angevine from said county of Dearborn.

3. Because said Ward fails to show by his said answer and return that he has made any effort whatever, since the 17th day of December, 1872, to comply with said order, and to bring the said James Angevine back to said county of Dearborn, and within the jurisdiction of said court of common pleas and of this court.

On the 8th day of May, 1873, the court made this order :

"Now come the parties, and the court, being sufficiently advised in the premises, now summarily removes the said guardian from the trust on account of his misconduct in the premises, and that he make report and render a full account to the court of his doings in the premises, and deliver all moneys, choses in action, and other personal property in his possession and under his control to the person who may be appointed his successor in his said trust, to which rulings and orders of the court in the premises the said Jacob B. Ward excepts," etc.

On the 17th day of May, 1873, the guardian presented his bill of exceptions to the court, time having been given, which was signed and filed, and asked an appeal to this court, that the court fix the amount of the bond to be given, and the time within which it should be filed, "which leave to appeal this cause the court refused, and refuses to make any order concerning said bond as requested by said guardian at this time, to which rulings of the court the said guardian excepts, and now presents his bill of exceptions," etc.

This appeal was taken by obtaining and filing a transcript

Ward, Guardian, *v.* Angevine.

in the office of the clerk of this court, to which the appellee appeared.

The following errors have been assigned by the appellant:

1. Striking out the answer of the defendant to the petition for his removal.

2. Removing the guardian without trial and good and sufficient reasons or evidence, and at a time when the question of removal was not before the court.

3. In not deciding the matter of alleged contempt, but deciding the question of removal of the appellant instead.

4. In not permitting the appeal, and in entering the order against an appeal.

The appellee, for cross error, has assigned, that the circuit court erred in embracing in the first bill of exceptions herein the proceedings had in the common pleas, etc.

The first question presented is a motion by the appellee to dismiss the appeal. The ground of the motion as stated in the brief is, "because the assignment of errors does not comply with the rule requiring the page and line of the record to be therein referred to." We apprehend that counsel are mistaken in supposing that there is any such rule. Perhaps counsel refer to rule nineteen concerning briefs. It is a common mistake to suppose that in the assignment of errors reference must be made to page and line of the record, and also to suppose that it should be stated in the assignment of errors that the ruling assigned as erroneous was excepted to at the time. It is sometimes convenient to refer, in the assignment of errors, to the page and line of the record, but in no case necessary. It is wholly useless to say in an assignment of errors that there was an exception to the ruling. Such statement does not constitute an exception, when there was none, and does not add anything to one which was properly made at the time.

Again, a question is made as to what is properly in the transcript. The answer of the guardian to the petition, which was struck out, and not restored to the record by a

bill of exceptions, cannot be regarded as any part of the record. This has been so often decided that authorities are unnecessary.

The question which counsel for the appellee attempts to present by a cross error necessarily arises in the record, without any cross error assigned. On the 29th day of November, 1872, the answer of the defendant was struck out, and no bill of exceptions was filed then or at any time during the term, nor was any time given in which to file it. The bill of exceptions by which it was attempted to present that question was signed by the judge of the circuit court and filed on the 17th day of May, 1873. It is quite clear, under these circumstances, that the question as to the correctness of the action of the common pleas in striking out the answer, which is the first error assigned, is not properly before us, and that it was not proper for the judge of the circuit court to sign a bill of exceptions relating to what had been thus previously done in the common pleas by the judge of that court. This is not because the circuit judge could not, in a proper case, sign a bill of exceptions showing a ruling of the judge of the common pleas, but because the judge of the common pleas could not himself have done so, if he had continued in office.

The second error assigned is the removal of the guardian, without trial, evidence, or cause shown. This exception to the proceedings of the court, we think, is well taken. In the common pleas, a rule was made that the guardian return his ward to Dearborn county. The court, at that time, continued the matter so far as it related to the removal of the guardian. Subsequently, the petitioner showed to the court, by affidavit, that the guardian had not complied with the order, which he was directed to do in two weeks, and a rule was then entered that he show cause why he should not be regarded in contempt and an attachment issued against him. He showed cause by an answer filed, accompanied by certain depositions showing the condition of health of his ward at a prior date, as an excuse for not having complied with the order. Excep-

tions were taken to this answer, and the question whether the exceptions were well taken or not was submitted to the court for its decision. Without deciding this question, the only one then before the court, an order was made by which the court "summarily removed the said guardian from the trust on account of his misconduct in the premises." This part of the case was not yet before the court for its decision. The question was, whether or not the guardian had shown sufficient cause why he should not be attached. The bill of exceptions informs us that the guardian, upon this ruling by the court, asked that, before the entry should be made of his removal, he be granted leave to amend his answer to show cause why he should not be removed, which leave the court refused to grant. He also asked that, before the entry be made and instead of said order, an entry be made that he file his further answer why he should not be removed, and that evidence be heard in the matter, and that he be allowed to show why he should not be removed, all of which was refused by the court. We think this action of the court cannot be sustained. We need not decide now whether the showing made by the guardian against the issuing of an attachment was sufficient or not, for the reason that that question has not been decided by the circuit court, and as to that there is nothing for us to re-examine.

What we have already said will sufficiently indicate the opinion of this court as to the third alleged error.

The facts in support of the fourth error, as stated in the bill of exceptions, are as follows:

"And the said defendant, guardian," etc., "then requested of the court that an appeal from the order removing said guardian be granted to the Supreme Court of the State of Indiana, on such terms and conditions as to the court might seem right and proper, and that the court fix the amount of bond required of said guardian; that the time of filing the bond be fixed by the court, to stay proceedings; and the said guardian asked that, on filing such bond, proceedings be stayed pending such appeal. But the court refused to make

an order fixing the amount of the appeal bond and the filing of the same or any order regarding the same, and refused to grant an appeal as prayed, for the reason that the order heretofore made in this cause removing said guardian is not a final judgment from which an appeal will lie, nor will it be such final judgment until another guardian is appointed and qualified, and no appeal is granted until such guardian is appointed," etc.

In our opinion, this ruling of the court was erroneous. The order of removal, which we have already copied in this opinion, was unconditional, and at once put an end to the guardianship, and deprived the guardian of any right to act further as such. It is true that the court, in connection with the order of removal, directed that the guardian should account. But this accounting was not to be to his successor but to the court, as the order reads. But why should the guardian account to a successor, when the very question to be first decided is, whether he shall account to any one. It was wholly immaterial, so far as the finality of the order of removal is concerned, whether any successor was ever appointed or not. It may be a question, however, whether it is an error that should reverse a judgment, because an appeal in one mode has been refused, where the party has the right to appeal, and actually does appeal, in another mode. This question we need not now decide.

The judgment is reversed, with costs; and the cause is remanded, for further proceedings.