## Myers *v.* Jarboe.

New Trial.—*Motion for.—When to be Made.—Practice.*—A motion for a
new trial must be made, and the written causes therefor filed, at the
term at which the finding or verdict is rendered, except where it is sought
for reasons subsequently discovered.

Same.—*Supreme Court.*—The record of a cause, on appeal to the Supreme
Court, showed, that at the term at which the verdict was rendered a
motion had been made, and reasons filed, for a new trial, and the cause
continued ; that at a subsequent term, over a motion by the successful
party, for judgment on the verdict, a new trial was granted, upon a mo-
tion and reasons therefor then filed.

*Held,* the reasons first filed not being in the record, and those last filed not
being for cause discovered since the trial, that the order granting such
new trial was erroneous.

From the Clay Circuit Court.

*G. A. Knight* and *S. W. Curtis,* for appellant.

*W. W. Carter* and *S. D. Coffey,* for appellee.

Biddle, J.—Complaint by Jarboe against Myers, on an
account stated.

Answer :—

First.   Denial ;

Second.   Counter-claim ;

Third.   Set-off ; and,

Fourth.   Counter-claim.

Motions to strike out parts of, and demurrers to, the
second, third and fourth paragraphs of the answer, as
the record briefly states, were made and overruled, and
exceptions taken, but neither the motions nor the de-
murrers are in the record, and we do not know upon

Myers *v.* Jarboe.

what grounds or causes they were based; nor do the parties mention them in their briefs.

A trial by jury was had at the June term of the court, 1874, and a verdict rendered in favor of the defendant, Myers, for three hundred dollars and thirty-seven and one-half cents. Immediately following the verdict, the clerk's entry upon the record is as follows: " The plaintiff files motion and reasons for a new trial, (here insert,) and day is given." On the 20th day of June, 1874, the clerk's entry on the record, immediately after entitling this cause, is as follows: " This cause is continued."

These were all the proceedings had at the June term. The motion for a new trial, and causes filed, if any were filed at that term, are nowhere in the record.

At the next ensuing term, October term, 1874, Myers moved for judgment on the verdict. This motion was overruled, and exceptions properly reserved by a bill of exceptions.

The next entry of the clerk in the case, made at the October term, is as follows: " On motion of said plaintiff, by his attorneys, a new trial is granted to said plaintiff, on the terms following: That he pay all the costs of this cause, except the costs of the original writ herein, on or before the first day of the next term of this court. To which ruling of the court, the defendant now excepts, and files his bill of exceptions." This bill of exceptions shows, that at the October term, 1874, the plaintiff filed a motion and causes for a new trial, which are set forth at length.

At the December term following, further proceedings were had in the cause; and also at the March term, 1875. At the May term, 1875, a trial by jury was had, and verdict rendered for the plaintiff. Over various motions made, and exceptions reserved by the appellant, a final judgment was rendered upon this verdict. Appeal.

Amongst other assignments of error, the appellant alleges:

1st.   Overruling the motion for judgment on the verdict in his favor; and,

2d.   Sustaining the appellee's motion for a new trial, setting aside the verdict, and granting a new trial.

The appellee claims, that the record shows, that he did file his motion, with written causes, for a new trial, at the June term; that the record imports absolute verity, and can not be questioned; and if the record was not properly made up, there should have been an objection made to it at the time.

But if we hold the record true, absolutely, and that it can not be questioned, it only shows the fact that such a motion was filed at that term; it does not show the motion nor the written causes; they are nowhere in the record; we can not judge of these; and there was nothing to object to below.   Besides, it appears by a bill of exceptions in another part of the record, that this was not the motion upon which the court subsequently acted.   It seems to us, that, if the fact, that such a motion and causes were then filed, was held to be proved by the record, or was so found by the court, and they were lost, the appellee should have obtained leave to substitute them, and when substituted, should have made them a part of the proceedings, as of the June term, by a *nunc pro tunc* entry.   But as it is, the record nowhere showing the motion and causes filed at the June term, we must hold it as if no such motion and causes were filed.   Indeed, we can see no way to uphold the proceedings subsequent to the June term, 1874; and, as there is no question in the record, arising before the finding of the verdict at that term, we think the appellant's motion for judgment on the verdict found in his favor was well taken, and should have been sustained.   The motion for a new trial, made at the next term of the court, came too late, and can not be held as any part of the record for the purposes of such a motion. *Krutz* v. *Craig,* 53 Ind. 561. Nor was it competent for the court to grant time to file the

motion, with written causes, beyond the term at which the verdict was rendered, unless for causes arising after verdict, as we have often decided.

The judgment and proceedings, subsequent to the verdict rendered at the June term, 1874, are reversed, with costs; and the cause remanded, with directions to render judgment on the verdict, in favor of the appellant, with interest from its date until the time the judgment is rendered, with costs.