## McKeen et al. *v.* Boord et al.

Bill of Exceptions.—*Transfer of Common Pleas Jurisdiction to Circuit.—Signing Bill of Exceptions.*—Where, prior to the expiration of the time given by a common pleas court for the filing of a bill of exceptions, and before it had been signed, that court was abolished, and the jurisdiction thereof conferred on the circuit court, the judge of the latter court alone could sign such bill.

Same.—*Appeal by one Co-Party.—Notice.—Supreme Court.*—Where, from a judgment against several parties, an appeal is taken to the Supreme Court by one only of such parties, notice must be served upon his co-parties.

Same.—*Brief.—Marginal Notes on Record.—Rule* 19.—On appeal to the Supreme Court, a brief, besides one for a supersedeas merely, should be filed, and marginal notes on the transcript, as required by Rule 19, should be made.

From the Vigo Circuit Court.

*R. W. Thompson,* for appellants.

*J. P. Baird, C. Cruft, J. M. Allen, W. Mack, N. B. Taylor, F. Rand* and *E. Taylor,* for appellees.

Perkins, J.—The record in this case abounds in defects and omissions.

No exception was taken to any ruling upon the pleadings.

The verdict was returned into court on the 14th of September, 1872.

No written motion for a new trial appears in the record, till the 11th day of January, 1873. On that day the motion was made and overruled, final judgment was entered, and ninety days given to file a bill of exceptions. See *Ward* v. *Angevine,* 46 Ind. 415; *Posey* v. *Scales,* 55 Ind. 282; *Myers* v. *Jarboe,* 56 Ind. 57.

On the 12th day of March, 1873, the bill was signed. The following is the statement, in the record, of the person who signed it:

" This bill of exceptions was presented to me on the 12th day of March, 1873, the parties both being present by their attorneys, and the plaintiffs objected to my signing the bill, the court not being in session, for the reason that I am no longer judge of the court in which said cause was tried.      JOHN T. SCOTT."

Scott ceased to be judge on the 6th of March, 1873, and his successor, who should have signed the bill, was the judge of the Vigo Circuit Court, to which court the business of the common pleas was transferred. *Ketcham* v. *Hill,* 42 Ind. 64.

The judgment was rendered against McKeen, Jewett, Smith and Roberts. McKeen alone appeals, and assigns errors. No notice appears to have been served upon the other judgment defendants, as required by section 551 of the code. 2 R. S. 1876, p. 239.

No brief, except a short one for a supersedeas, has been filed by appellant. No marginal notes are placed upon the transcript, as required by Rule 19 of this court.

A motion is made in this court to strike out the bill of exceptions; and, in their brief, counsel insist that the appeal should be dismissed.

The bill of exceptions must be struck out; and, as all the errors assigned are based upon rulings, the exceptions to which must appear by bill or bills of exceptions, the bill

being struck out, the record discloses no error, and the judgment is affirmed.

Affirmed, with costs.