## SPAHR ET AL. *v.* DICKSON.

APPEAL.—*Supreme Court.—Superior Court.—Failure to Join or give Notice to Co-Parties.—Foreclosure of Mortgage.*—In an action to foreclose a mortgage, brought by the mortgagee, against surviving mortgagors, the heirs of those deceased, and the holders of senior and junior mortgage and judgment liens, brought in the Superior Court, wherein foreclosure, sale and distribution of the proceeds according to priority were decreed, such mortgagors and heirs appealed to general term, and thence to the Supreme Court, without either joining or giving notice to their codefendants.
*Held*, that, on motion by the appellee, the appeal should be dismissed.

From the Marion Superior Court.

*G. W. Spahr,* for appellants.

*N. B. Taylor, F. Rand* and *E. Taylor,* for appellee.

NIBLACK, J.—This was a proceeding by Andrew Dickson, against William H. Spahr and George W. Spahr, and Amelia A. Spahr and Lizzie V. Spahr, their wives, and Maria Spahr and over sixty other persons and corporations, to foreclose two mortgages on some tracts of land containing, in the aggregate, about two hundred and three acres, to obtain a general order for the sale of such lands, and to have the proceeds marshalled between the various parties entitled to receive the same, according to their respective rights and priorities of claim thereto.

The first mortgage, in the order of its date, and set out in the complaint, was executed by one Jacob Spahr, the owner at the time of the mortgaged lands, and the appellant Maria Spahr, who was then his wife, to the Indianapolis Insurance Company, on the 20th day of April, 1871, to secure the payment of eight thousand dollars, due five years after date, and was assigned to the plaintiff. Before this mortgage became due, Jacob Spahr died, leaving the said Maria as his widow, and the said William H. Spahr and George W. Spahr, and one John Spahr, as his only children, surviving him. John Spahr thereupon conveyed his interest in said lands, estimated at two-ninths, to the said William H. Spahr.

Afterward, on the 29th day of April, 1876, the said William H. Spahr and George W. Spahr, with their wives, and the said Maria Spahr, executed a mortgage on the same lands to the plaintiff, to secure the payment of ten thousand dollars, and this was the other mortgage set out in the complaint.

The court at special term found that there was something over ten thousand dollars due the plaintiff on both mortgages, eight thousand three hundred and thirty-two dollars and seventeen cents of which, besides attorney's

fees, was ordered to be made out of the eight-thousand-dollar mortgage, and the remainder, being over two thousand dollars, out of the ten-thousand-dollar mortgage, and both mortgages were decreed to be foreclosed.

Nearly, if not quite, thirty of the other defendants severally set up liens of some kind, mostly judgment liens, against the mortgaged lands, and the court made a series of findings upon the liens thus set up, ascertaining the amount due under each lien, the time at which each lien attached, and the order in which each should be paid, decreeing some of those liens to be older than, and superior to, the lien of the ten-thousand-dollar mortgage and the remaining ones junior to that mortgage. The last one of those liens, thus adjudicated upon, was a mortgage in favor of one James H. Ruddell, which was junior to both the plaintiff's mortgages, and which was also decreed to be foreclosed.

The court ordered all the mortgaged lands to be sold, and the proceeds to be distributed according to the respective rights and priorities of the parties decreed to have liens upon such lands, and in the order in which such liens were decreed to be due and payable.

The defendants William H. Spahr, George W. Spahr and Maria Spahr, without joining any of their co-parties, appealed to the general term of the court below, and assigned error upon the proceedings at special term, but the judgment thus appealed from was affirmed in general term.

The said William H., George W. and Maria Spahr have still further appealed to this court, and have assigned error upon the proceedings in general term, but have not served notice of their appeal upon their codefendants in the judgment thus appealed from.

The appellee has moved to dismiss this appeal, for want of such notice by the appellants to their said codefendants in such judgment.

The statute authorizing appeals to this court provides that "A part of several co-parties may appeal, but in such case they must serve notice of the appeal upon all the other co-parties, and file the proof thereof with the clerk of the Supreme Court." 2 R. S. 1876, p. 239, sec. 551.

When notice has not been so served upon co-parties with the appellants, who have not joined in the appeal, it is the uniform practice of this court to dismiss the appeal, when the omission to serve such notice is insisted upon as a cause of dismissal. *McKeen* v. *Boord*, 60 Ind. 280; *Emmert* v. *Darnall*, 58 Ind. 141; *The Indianapolis P. M. Co.* v. *Caven*, 58 Ind. 328: *Reeder* v. *Maranda*, 55 Ind. 239; Buskirk Prac. 45.

We think this case falls fairly within both the letter and spirit of the statute above quoted, and that the appellants ought to have given notice of their appeal to their codefendants in the judgment below.

The appeal will, therefore, have to be dismissed.

The appeal is accordingly dismissed, at the costs of the appellants.