In the Matter of BLANCHE L. ANDREWS, an Incompetent Person.

JOHN E. ROOSEVELT et al., Appellants; SYLVESTER J. O'SUL-LIVAN et al., as Substituted Committee, et al., Respondents.

1. LUNATICS AND INCOMPETENT PERSONS — JURISDICTION OF COURTS. The present Constitution of the state (Const. 1894, art. 6, § 1) continues the Supreme Court "with general jurisdiction in law and equity;" thus preserving its general jurisdiction over lunatics and their property, origi-inally vested in the chancellor and Court of Chancery and subsequently transferred to the old Supreme Court, as it existed prior to the adoption of the Constitution of 1846.

2. SAME — EXERCISE OF JURISDICTION — MAY BE REGULATED BY LEG-ISLATURE. As to the manner of its exercise, the jurisdiction of the Supreme Court over lunatics and incompetent persons and their property may be regulated by the legislature, and where this has not been done, it is to be exercised according to the established practice in lunacy proceedings.

3. SAME — JURISDICTION MUST BE EXERCISED BY COMMITTEE OF INCOM-PETENT APPOINTED BY THE COURT. The jurisdiction of the Supreme Court over the person and property of a person incompetent to manage himself or his affairs must be exercised by means of a committee of the person and a committee of the estate, who may be the same or different individuals in the discretion of the court, and the court is empowered to appoint, control, suspend or remove such committee or allow him to resign. (Code Civ. Pro. §§ 2322, 2339.)

4. SAME — SUMMARY REMOVAL OF COMMITTEE. While the Supreme Court has general jurisdiction over the persons and estates of incompetent persons, it has no power to remove the committee of such a person and appoint a successor thereof without the institution of a proceeding for that purpose upon notice to the relatives and persons interested in the person and estate of the incompetent.

5. SAME — REMOVAL OF COMMITTEE AND APPOINTMENT OF SUCCESSOR — CODE CIVIL PROCEDURE, §§ 2339, 2342, 2323a, and 2325. Although section 2339 of the Code of Civil Procedure, authorizing the removal or suspension of the committee of an incompetent person in the discretion of the court, contains no provision for notice to the persons interested in the person and estate of an incompetent, nevertheless such a committee can-not be removed and its successor appointed except as provided in section 2342, which contemplates the institution of a proceeding for that purpose upon notice to such persons as would be entitled to notice upon the appointment of such committee under sections 2323a and 2325.

6. SAME — EXERCISE OF POWER OF SUSPENSION. If in the meantime it appears that the interests of the incompetent are threatened with

immediate injury, the court may exercise its power of suspension over the committee.

7. SAME — WHILE PROCEEDING FOR REMOVAL OF COMMITTEE IS PEND-ING UNDETERMINED, THE SUPREME COURT HAS NO POWER TO REMOVE COMMITTEE IN COLLATERAL PROCEEDING. Where a proceeding for the removal of the committee of an incompetent person and the appointment of another has been duly instituted by petition, of which the court has taken cognizance by appointing a special guardian for the incompetent and referring the matter to a referee to take proof and report the testimony to the court with his opinion thereon, the court has no power, during the pendency of the proceeding and before any testimony has been taken therein, to make, in other and different matters affecting the incompetent's estate, but involving no question of the removal of the committee, an order removing such committee and appointing a successor.

*Matter of Andrews,* 125 App. Div. 457, reversed.

(Argued May 20, 1908; decided September 29, 1908.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 1, 1908, which modified and affirmed as modified an order of Special Term combining and determining three separate special proceedings, removing a committee of the estate of Blanche L. Andrews, an incompetent person, appointing a successor to such committee, granting incidental relief and terminating two other special proceedings in which no hearing had been had.

In October, 1904, John Notman, John E. Roosevelt and Constant A. Andrews were appointed committee of the estate of Blanche L. Andrews, who had been judicially declared to be incompetent to manage herself and her affairs. Constant A. Andrews was also appointed committee of her person. John E. Roosevelt was the husband of Nannie V. Roosevelt, the only sister of Blanche L. Andrews, the incompetent person. Constant A. Andrews was the husband of the incompetent. Mr. Andrews and Mrs. Roosevelt were the only persons interested in the estate of the incompetent as heirs at law, next of kin or otherwise. The value of the estate was about $370,000. The persons appointed committee of the estate duly qualified and entered upon their duties as such. Mr. Notman died on January 6th, 1907, and no person has been appointed in his place.

In November, 1906, the incompetent Blanche L. Andrews, by Constant A. Andrews, her husband, instituted a special proceeding in the Supreme Court by petition praying for a settlement of the accounts of the committee of her estate and asking that a trust company be substituted as such committee. This for convenience may be denominated proceeding No. 1, or the substitution proceeding.

At about the same date Mr. Notman and Mr. Roosevelt (Mr. Andrews refusing to join in the proceeding) petitioned the court for a judicial settlement of the estate (Proceeding No. 2, or accounting proceeding).

On Nov. 15th, 1906, Mrs. Nannie V. Roosevelt began a proceeding for the removal of Mr. Andrews as committee of the person of the incompetent (Proceeding No. 3, or Andrews removal proceeding).

The petitions in these three several proceedings coming before the court at or about the same time, each proceeding was by a separate order referred to the same referee to take proof of the facts and report.

At the beginning of the reference the parties stipulated that the proceedings should be known as Nos. 1, 2 and 3; No. 1 being the petition of Mr. Andrews individually, and on behalf of Blanche L. Andrews for the substitution of a trust company as committee of the estate; No. 2 being the application for an accounting on the petition of Mr. Notman and Mr. Roosevelt; and No. 3 being the application for the removal of Mr. Andrews as committee of the person on the petition of Mrs. Roosevelt. It was further stipulated that the referee should first take up the accounting proceeding brought by Mr. Notman and Mr. Roosevelt as members of the committee of the estate; next the proceeding instituted by Mrs. Andrews for the substitution of a trust company; and lastly, the proceeding upon the petition of Mrs. Roosevelt for the removal of Mr. Andrews as committee of the person. Evidence was accordingly taken in the accounting proceeding, and on July 24, 1907, the referee filed his report therein approving the account in all respects and overruling all objec-

tions to the same. No testimony whatever was taken in the substitution proceeding or the Andrews removal proceeding.

Meantime two other proceedings had been instituted. In one of these Mr. Andrews petitioned the court for an order directing the committee of the estate to reimburse him for certain expenditures which he claimed to have incurred as committee of the person. This is known as proceeding No. 4, or payment of bills proceeding. In the other Mr. Andrews sought a modification of a previous order of the court regulating the visits which should be made to the incompetent, and containing directions in regard to her place of abode (Proceeding No. 5, or modification proceeding). When these two last-mentioned proceedings came on for hearing at Special Term, orders were made in each by consent of the parties, referring them to the same referee before whom the first three proceedings were pending to take proof and report forthwith. The referee heard the testimony in both and filed his reports therein on July 24, 1907, recommending that the bills involved in proceeding No. 4 be paid, and that the prayer of the petition in proceeding No. 5 in regard to the place of abode of the incompetent be granted. As already stated, the report in the accounting proceeding had been filed on the same date, and these three reports were brought before the Special Term for confirmation on July 26th, 1907. No reports or testimony in proceeding No. 1 (the substitution proceeding) or proceeding No. 3 (the Andrews removal proceeding) were brought before the court at that time nor were the petitions or papers in these proceedings regularly submitted to it.

On November 8th, 1907, the court made an order after reciting the various proceedings above mentioned, affirming the report of the referee in the account proceeding (No. 2) and also his report in the payment of bills proceeding (No. 4) but disapproving the recommendation contained in the report in the modification proceeding (No. 5). The same order directed that the reference in proceedings No. 1 and No. 3 in which no testimony had been taken, should be terminated;

removed the two surviving members of the committee of the estate; and appointed a stranger in their stead as committee of the estate.

Upon appeal to the Appellate Division that court struck out the portion of the Special Term order which assumed to terminate proceeding No. 3 instituted by Mrs. Roosevelt to procure the removal of Mr. Andrews as committee of the person. It also modified the Special Term order in some respects not material to be considered upon this appeal. In all other respects the order of the Special Term was affirmed but by a divided court.

John E. Roosevelt and Nannie V. Roosevelt have taken separate appeals to this court from the portions of the order of the Appellate Division, but have presented for review in this court only so much thereof as affirms the action of the Special Term in removing the committee of the estate and appointing a new committee and so much thereof as affirms that part of the Special Term order which combined three proceedings and determined them in one order.

*John L. Cadwalader, John F. Devlin* and *Grant Notman* for John E. Roosevelt, appellant. The order removing John E. Roosevelt was without authority. (*Elias* v. *Schweyer*, 13 App. Div. 336; *Matter of Livingston*, 34 N. Y. 555; *Matter of Osborn*, 74 App. Div. 113; *Matter of Arnold*, 76 App. Div. 126; *Matter of Wetmore*, 113 App. Div. 232; *Matter of Burr*, 118 App. Div. 483; *Matter of Bischoff*, 80 App. Div. 327; *Wood* v. *Brown*, 34 N. Y. 343; *Matter of Osborn*, 74 App. Div. 113.) Notice should have been given to the next of kin of an intention to remove and appoint a substituted committee. Especially should there be some examination or consideration as to the fitness of a person proposed. (*Matter of Osborn*, 74 App. Div. 113; *Woerz* v. *Schermerhorn*, 161 N. Y. 530; *Elias* v. *Schweyer*, 13 App. Div. 336; *Matter of Wetmore*, 113 App. Div. 232; *Matter of Page*, 7 Daly, 155; *Ex parte Le Heup*, 18 Ves. 221; *Matter of Taylor*, 9 Paige, 611.) Even if the judge who made the

order had had jurisdiction or the power to make an order of removal the order was an improper exercise of that power and should be reversed. (*Burt* v. *Burt*, 41 N. Y. 46; *Quacken-boss* v. *Southwick*, 41 N. Y. 117; *Matter of Waterman*, 112 App. Div. 313; *Matter of Theriot*, 117 App. Div. 686; *Matter of Burr*, 118 App. Div. 482.)

*John L. Cadwalader* and *George C. Kobbé* for Nannie V. Roosevelt, appellant. The appointment of Sylvester J. O'Sullivan as substituted committee was unauthorized and void. (*Matter of Osborn*, 74 App. Div. 113; *Woerz* v. *Schermerhorn*, 161 N. Y. 530; *Elias* v. *Schweyer*, 13 App. Div. 336; *Matter of Wetmore*, 113 App. Div. 232; *Matter of Lamoree*, 32 Barb. 122.)

*D. Cady Herrick*, *Sumner Bowman* and *Leonidas Dennis* for Sylvester J. O'Sullivan, as substituted committee, respondent. The Supreme Court has jurisdiction over the person and property of incompetents. (*Petrie* v. *Schumacher*, 24 Wend. 85; *Matter of Chapman*, 43 App. Div. 231; *A. Ins. Co.* v. *Barnard*, 96 N. Y. 525.) The court at all times has jurisdiction of the person of the committee. (*Matter of Hopper*, 5 Paige, 489; *Petrie* v. *Schumacher*, 24 Wend. 85; *People* v. *Com. of Taxes*, 100 N. Y. 215; *Matter of Otis*, 101 N. Y. 580; *Carterer* v. *Beckwith*, 128 N. Y. 312; *Pharis* v. *Gere*, 110 N. Y. 336; *Matter of Strasberger*, 132 N. Y. 128; *Stokes* v. *Hoffman House*, 167 N. Y. 554; *Tollman* v. *Hinman*, 10 How. Pr. 90; *Young* v. *Bloomer*, 22 How. Pr. 332; *Bowman* v. *De Peyster*, 2 Daly, 206.) The proceedings before Mr. Justice DAYTON were regular. All persons interested were properly before the court upon notices and cross-notices. And assuming that it was necessary for the court to have something before it upon which to base the exercise of its discretion in removing the committee, the matters appearing before it afforded abundant foundation upon which to base the exercise of such discretion. (*A. Ins. Co.* v. *Barnard*, 96 N. Y. 525; *Matter of Chapman*, 43

App. Div. 231; *May* v. *May*, 167 U. S. 310; *Matter of Osborn*, 74 App. Div. 113.) The power to remove the committee being vested in the discretion of the Supreme Court, and that court not having exceeded its jurisdiction or abused its discretion, its order is not reviewable here, and the appeal should be dismissed. (*Foote* v. *Lathrop*, 41 N. Y. 361; *Wade* v. *Delair*, 63 N. Y. 319; *Wallace* v. *Castle*, 68 N. Y. 373; *People* v. *I. Ry. Co.*, 177 N. Y. 296; *People* v. *Sternberger*, 153 N. Y. 684; *Merriam* v. *W. & P. L. Co.*, 155 N. Y. 136; *Ousterhoudt* v. *Ousterhoudt*, 168 N. Y. 358; *Matter of Tuttle* v. *I. Nat. Bank*, 170 N. Y. 9.)

*W. M. Seabury* for Constant A. Andrews, respondent.

WILLARD BARTLETT, J.   From the foregoing statement of the facts of this case it is apparent that the court at Special Term, having three proceedings before it, none of which involved any application for a change in the personnel of the committee of the estate, and while a special proceeding for that purpose was pending and undetermined (having been referred to a referee to take testimony therein), nevertheless assumed and exercised the power to remove the committee of the estate, substitute a stranger as committee, and by an order in totally distinct and separate proceedings to terminate the particular special proceeding in which the parties in interest had not yet been heard as to the necessity or propriety of such removal.

This judicial action is sought to be sustained upon the broad ground that the Supreme Court, in the exercise of its jurisdiction over lunatics, idiots, habitual drunkards and persons of unsound mind generally, possesses the power in the absence of any petition or other application, and of its own motion and without notice, to remove the committee of the estate of a person who has been adjudged insane and appoint a new committee. It is argued that if this view is correct, the manner in which the power was exercised in the present case is immaterial; and that inasmuch as the court at Special Term

could have removed Messrs. Roosevelt and Andrews as a committee of the estate of Blanche L. Andrews without notice to anybody, and acting simply upon information, however that information might be obtained, which indicated that their removal would be advantageous to the interests of the incompetent, it affords no ground of complaint to the removed committee or the next of kin of Mrs. Andrews that the order of removal and substitution was made in one proceeding or set of proceedings rather than in another.   Reference is made to the Code of Civil Procedure relative to proceedings for the appointment of a committee of the person and property of a lunatic, idiot or habitual drunkard, and prescribing the general powers and duties of such committee ; and it is asserted that there is here to be found no limitation or restriction upon the jurisdiction of the Supreme Court over the persons or the estates of incompetent persons except where concurrent jurisdiction is given to the County Court in which case the court first exercising it does so to the exclusion of the other.

We have recently had. occasion to consider this subject so fully in the case of *Sporza* v. *German Savings Bank* (192 N. Y. 8) that any further discussion of the origin, development and extension of the present jurisdiction of our Supreme Court over persons of unsound mind would involve only unnecessary repetition.   It may be assumed that the jurisdiction is broad enough to render an order of removal and substitution without notice, such as was made in the present case, unassailable in a collateral proceeding.   Here, however, the regularity of the order is directly attacked in an appeal from the order itself ; and we are called upon to decide whether the steps which led up to that order were taken in the manner prescribed by law.

The jurisdiction of the Supreme Court as the successor of the Court of Chancery over the person and property of a person incompetent to manage himself or his affairs must be exercised by means of a committee of the person and a committee of the estate who may be the same or different individuals in the discretion of the court.   (Code Civ. Pro. § 2322.)   The

court is empowered to appoint, control, suspend or remove such committee or allow him to resign.    (Code Civ. Pro. §§ 2322, 2339.)   If the incompetent person has been committed to a state institution and is an inmate thereof a committee cannot be appointed without personal notice of the presentation of the petition for appointment to such incompetent person and also to the husband or wife, if any, or if none to the next of kin, named in the petition and to the officer in charge of the institution of which such person is an inmate.    (Code Civ. Pro. § 2323a.)    In all other cases the court must require notice of the presentation of the petition to be given to the husband or wife, if any, or to one or more of the relatives of the person alleged to be incompetent, or to certain specified public officers unless sufficient reasons for dispensing with such notice are set forth in the petition or in an accompanying affidavit.   (Code Civ. Pro. § 2325.)    These provisions of the statute manifest the legislative intent that notice shall be given, if possible, to the relatives·of an alleged lunatic of an application to the court for the appointment of a committee. In the section of the Code, however, which provides that the committee may be suspended or removed in the discretion of the court, nothing is said about any notice of an application for removal or as to the necessity of any special proceeding for that purpose ; and hence it seems to be inferred that no notice is requisite.    An examination of the subsequent provisions in the same title of the Code of Civil Procedure, however, indicates that this inference is incorrect.    Section 2342 provides for an annual judicial examination of the accounts and inventories filed by committees of the person and property.    Upon the omission of a committee to file such inventory or account, or where the judge is of opinion that the committee should render a more full or satisfactory inventory or account, he may make an order requiring the committee to supply the deficiency.    After providing for the entry and enforcement of such an order, and declaring that the failure to obey the same may be punished as if it were made by the court, the section goes on to provide as follows : " Where the

committee fails to comply with the order, within three months after it is made, or, *where the judge has reason to believe that sufficient cause exists for the removal of the committee, the judge may, in his discretion, appoint a fit person special guardian of the incompetent person with respect to whom the committee was appointed, for the purpose of filing a petition in his behalf for the removal of the committee and prosecuting the necessary proceedings for that purpose.*"

Here we have, as it seems to me, by the plainest implication a legislative declaration that even where the propriety of the removal of the committee of a lunatic is suggested by facts coming to the knowledge of the judge, either officially or otherwise, a special proceeding for such removal should be instituted before the committee is actually removed. Such a course of procedure clearly contemplates an application to the court in behalf of the incompetent person, of which notice shall be given to those interested in his person or property. Only in this way can the court become fully advised of the reasons which may exist for and against the proposed removal and also as to the selection of a successor, if a successor must be appointed. The requirement that his removal shall thus be effected only by the institution of a regular proceeding in court is in nowise detrimental to the interests of the incompetent; for the power of suspension may always be exercised in the meantime if it appears that the interests of the incompetent are threatened with immediate injury. Irrespective, however, of any question as to the reasonableness of the requirement it seems to be quite clear that such procedure is contemplated by the language of the statute, and if that view is correct it is decisive of the present appeal.

The present Constitution of the state, adopted in 1894, continues the Supreme Court " with general jurisdiction in law and equity." (Const. art. VI, sec. 1.) This preserves the jurisdiction over lunatics and their property which was originally vested in the chancellor and Court of Chancery and was subsequently transferred to the old Supreme Court, as it existed prior to the adoption of the Constitution of 1846. That juris-

diction, however, as to the manner of its exercise may be regulated by the Legislature, and where this has not been done, it is to be exercised according to the established practice of the courts in lunacy cases. Thus, in *Matter of Lamoree* (32 Barb. 122) the appointment of a stranger as committee " to execute a trust so delicate and of such responsibility without the request of the relatives and next of kin of the lunatic, and without notice to the persons having a prospective interest in the estate " was condemned by the late Mr. Justice JOHN W. BROWN of the second judicial district, an able and distinguished judge, because it was " not authorized by the practice of the courts having jurisdiction over such matters."

In England the method of proceeding for the removal of the committee of a lunatic appears to have been by petition to the lord chancellor upon notice to the committee; and if the lord chancellor determined that the committee ought to be removed for any reason, he usually directed a reference to a master in chancery to report as to the appointment of another committee. (Shelford on Lunacy, chap. V, section VII.) Examples of references of this character are to be found in *Ex parte Jones* (13 Vesey Jr. 237) and *Ex parte Mildmay* (3 Vesey Jr. 2).

I have not been able to find any reported case in this state in which a committee has been removed by the chancellor or a judge acting *sua sponte* and without notice. Great confusion and conflict might arise if such orders could properly be made by the ninety-seven Supreme Court justices in this state, each one of whom may exercise the powers of a chancellor. After a special proceeding for the removal of a committee had been regularly instituted by petition and upon notice at a Special Term held by one judge, who had referred the matter to a referee to take testimony and report back to the court, another judge, notwithstanding the pendency of this application, could remove the committee out of hand without notice to any one of his intended action and could appoint a successor without giving any of the parties ultimately interested in

the lunatic's estate an opportunity to be heard as to the proper person to be selected.  In my opinion the removal of a committee without notice was not sanctioned by the established practice of the courts as it existed prior to the enactment of the provision which I have quoted from section 2342 of the Code of Civil Procedure; and that enactment now constitutes a statutory rule of procedure in such cases, the observance of which is essential to the regularity of an order of removal. This in no manner impairs the jurisdiction of the court, but merely regulates its exercise in such a way as will be most conducive to the orderly administration of justice.  The parties entitled to notice of a proceeding for the appointment of a committee should have notice of the proceeding for his removal contemplated by section 2342; and while the latter proceeding is pending no other proceeding for the removal of the committee can properly be entertained at least without notice to the parties to the proceeding first instituted.

It appears from the record before us that a proper proceeding for the removal of Messrs. Notman, Roosevelt and Andrews as committee of the estate of Blanche L. Andrews, and the substitution of a trust company in the place and stead of such committee, had been duly instituted by a petition of Mr. Andrews in the proceeding known as No. 1, and the court had taken cognizance thereof and appointed a special guardian for the incompetent therein, and referred the matter to a referee to take proof and report the testimony to the court with his opinion thereon.  If, as the outcome of this proceeding, on the coming in of the report, the court had determined that the facts proved demanded the removal of the committee, and had made an order accordingly, its action would have been in all respects regular.  A very different course, however, was adopted.  With this proceeding still pending before the referee, and without any testimony having been taken therein, the court by an order made in three different matters involving, as has already been stated, no question of removal whatever, made an order removing the committee and appointing a successor, which could only prop-

erly and regularly have been made in the removal proceeding which the court by its own action in granting the order of reference, still held *sub judice*, and was bound so to hold until it was regularly terminated upon the coming in of the referee's report.

This irregularity in the order below constitutes an error of law which demands a reversal.   In the case of *Ward* v. *Angevine* (46 Ind. 415) the Court of Common Pleas of Dearborn county had entered a rule requiring a guardian to show cause why he should not be regarded as in contempt and an attachment issued against him for non-obedience to a previous rule requiring him to return his ward to Dearborn county from which he had been removed.   The guardian filed an answer supported by depositions assigning the condition of the health of his ward as an excuse for not having complied with the order.   Exceptions were taken to the answer and the question whether the exceptions were well taken or not was submitted to the court for decision.   Without, however, deciding this question the court made an order which summarily removed the guardian from his trust on account of misconduct.   The Supreme Court of Indiana held that this order of removal could not be sustained.   The only question before the court below was whether the guardian had or had not shown sufficient cause why he should not be attached for contempt.   *The question of removal was not then before the court and, therefore, could not properly have been decided.*   The same is true of the question of removal in the case at bar.

The orders of the Special Term and Appellate Division so far as appealed from should be reversed, with costs in all courts.

CULLEN, Ch. J., GRAY, VANN, WERNER, HISCOCK and CHASE, JJ., concur.

Orders reversed.