## (December 13, 1962)

■ In the Matter of MICHAEL T. MARSHALL, an Alleged Incompetent Person. MARY L. MARSHALL et al., Appellants-Respondents; MICHAEL T. MARSHALL, JR., Respondent-Appellant.

*Per Curiam.* By order of this court entered February 8, 1962, a special guardian was appointed for the purpose of exploring the advisability of filing a petition seeking the removal of the entire committee of the property of the incompetent or, in any event, to report his findings and recommendations to Special Term. This order followed a review on a prior appeal of the history and aspects of this proceeding. (See *Matter of Marshall*, 15 A D 2d 310.) The special guardian rendered his report at Special Term and thereupon, Special Term rendered an order, entered September 10, 1962, and all members of the committee appeal from said order or from portions thereof.

Upon a further review of the matter and on the basis of prior proceedings herein, and upon the special guardian's report, we have concluded that the provisions of the order appealed from are not authorized by the record, that there is a failure therein to make proper provision required in the interests of the incompetent and of his estate, and that it should be vacated and superseded in its entirety.

The special guardian's report shall be accepted and filed. Concededly, he was appointed as an arm of this court, to represent the interests of the incompetent, for the purpose of assisting the court in the exercise of its powers in the matter of the administration of the incompetent's estate. His duties were limited to an investigation into and consideration of all relevant and material

facts and circumstances with respect to the matters under consideration, and to report thereon to the court. His findings and report are receivable, in the discretion of the court, for such action as this court is empowered to take in the interests of the incompetent and his estate. His report and findings are not, however, binding upon the court and have no adjudicative effect. The report and findings as such may not by confirmation or otherwise be given conclusive effect as against the parties. The same, however, may be accepted and filed to be and remain as a part of the record for the information and assistance of the court.

The special guardian by his report recommends that if Michael T. Marshall, Jr., does not resign, a proceeding should be brought to remove him. The record before us clearly shows prima facie that he has not functioned, and cannot, under present circumstances, properly function as a member of the committee. This was our tentative conclusion on the prior appeal (see *Matter of Marshall, supra,* pp. 313, 314), and the record clearly supports the report of the special guardian in this respect. Therefore, a special guardian should and will be appointed by this court to file a petition in behalf of the incompetent for removal of said member of the committee, and to promptly prosecute the necessary proceedings for that purpose.

Pending the determination of the proceedings for the removal of Michael Jr., he should be suspended and relieved of his powers and duties as a member of the committee of the incompetent. This court has this power (see Civ. Prac. Act, § 1377; *Matter of Andrews,* 192 N. Y. 514, 523), and, under the circumstances here, the power should be exercised in the interests of the incompetent and his estate.

The proceedings for the removal of said Michael Jr., as committee, should be brought on and determined at a Special Term of this court. We see no reason for the appointment of a Referee for the purpose of hearing and determining these proceedings. The issue here is a narrow one, namely, whether or not said Michael Jr., should be removed because of his failure to properly discharge his duties as committee, or because, by reason of physical disabilities and residence, he is not able to properly carry on the functions and perform such duties.

The special guardian recommends that Michael Jr., if removed, be denied all commissions. This, in our opinion, is not a matter properly before the court at this time, but should be determined in the removal proceedings wherein Michael Jr., will have full opportunity to be heard on the question.

Michael Jr., in connection with his appeal, urges that the order hereon should authorize him to engage counsel to represent him in the removal proceedings. On the present state of the record, however, this is not justified in that he does not show that he has any meritorious defense whatever to such proceedings.

The special guardian reports that the resignation of Frederick M. Weisse as committee should be accepted and that his resignation from the position as general manager of the New Yorker Fleet, Inc., a corporation controlled by the incompetent's estate, should be accepted on a lump sum payment to him of $14,500. This court made it rather clear in its prior opinion that Mr. Weisse should not be on the committee not only because of his health problem but also because he was in a position of dual loyalty since he was acting as an operating official of the taxicab companies owned by corporations controlled by the incompetent. Mr. Weisse, by letter dated May 2, 1962, states that he does hereby resign as a member of the committee to take effect immediatly and that he waived any commissions to which he may be entitled as such a member. The resignation should be accepted, and the order hereon should so provide, subject of course, to his responsibility for an accounting as hereinafter directed.

We conclude, too, that in the interests of the incompetent and his estate, Mr. Weisse's resignation as general manager of the New Yorker Fleet, Inc., and of the business affairs of the incompetent, should be approved. Therefore, it is determined that the order hereon should authorize the committee of the incompetent, if in their judgment it is advisable and proper, to take such proceedings as are necessary to render such resignation effective and to pay said sum of $14,500 to Mr. Weisse.

The special guardian reports that a petition shall not be filed for the removal of Mary L. Marshall or Edward V. Loughlin as members of the committee. Mrs. Marshall is the wife of the incompetent and is serving without commissions. Whether or not removal proceedings should be instituted against these committee members is a matter of judicial discretion, and the cocommittee member Michael Jr. is not entitled as a matter of right to have such proceedings instituted and heard. (See Civ. Prac. Act, § 1380.) There is not a sufficient factual showing before us at this time to move this court to direct that removal proceedings be instituted against the said Mary L. Marshall or Edward V. Loughlin. This determination is, of course, without prejudice to such proceedings as may be proper following the development of facts upon an accounting hereinafter directed.

The special guardian recommends a formal accounting by the entire committee at this time. We have concluded that the present committee and all the members thereof, including Michael Jr. and Frederick M. Weisse, should formally submit and procure a settlement of an account of all their proceedings and acts pertaining to the estate of the incompetent for the period from October 9, 1961 to December 31, 1962. The committee shall file with the accounting an audit of the incompetent's taxi business, including of the affairs of the corporations controlled by his estate, the said audit to be prepared at the expense of the estate by an accountant to be appointed in the order hereon. The same special guardian appointed to institute the removal proceedings against Michael Jr., shall be appointed special guardian to appear before and represent the incompetent on the accounting. The accounting shall be determined at a Special Term of this court and we conclude that it is not necessary or proper that a Referee be appointed in this connection.

The special guardian recommends that Michael Jr., the son of the incompetent, be paid $800 a week as an allowance for his support and maintenance, effective from April 1, 1962 and pending further order of the court; and that his outstanding debts in the sum of $10,600, as set forth in the statement of April 10, 1962, should be paid by the estate of the incompetent. Upon the special guardian's report and on the record, we conclude that the allowance of $800 and the payment of the debts, as recommended, should be followed. We further conclude, however, that Michael Jr., as a condition of receiving his allowance, should be required to furnish the committee with detailed monthly statements of all obligations of every kind and nature incurred by him, and of all payments by him on account of living expenses or otherwise, for each calendar month, commencing with January, 1963.

We conclude, as reported by the special guardian, that it would be in the interests of the estate to compromise and settle in full the claim of Burton A. Schenley for compensation as special guardian upon the payment of the net sum of $7,500 to him without interest, and the order hereon should provide that this be done if he will accept the same and agree to withdraw his appeal.

The matter of all fees, commissions and allowances chargeable against the estate of the incompetent in all matters prior to and on the accounting, including allowances to attorneys and the special guardian, shall be fixed and determined by Special Term upon the accounting hereinbefore directed.

On basis of the foregoing, the order entered September 10, 1962, should be reversed and in all respects vacated, with costs to all parties filing briefs to be paid out of the estate, but reserving the matter of allowances, if any, in connection with this appeal to be fixed by Special Term as aforesaid; and an order should be entered hereon specifically providing for the acceptance and filing of the report of the special guardian, the institution of removal proceedings against Michael Jr., with his suspension in the meantime, and with further specific provisions as hereinbefore indicated. Settle order on notice.

Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ., concur.

Order entered on September 10, 1962, unanimously reversed and in all respects vacated, with costs to all parties filing briefs to be paid out of the estate, but reserving the matter of allowances, if any, in connection with this appeal to be fixed by Special Term as aforesaid; and an order should be entered hereon specifically providing for the acceptance and filing of the report of the special guardian, the institution of removal proceedings against Michael Jr., with his suspension in the meantime, and with further specific provisions as hereinbefore indicated. Settle order on notice.