■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD ALSTON, JR., Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, dated November 13, 1962, which denied without a hearing his application to vacate a judgment of the former County Court, Queens County, rendered September 22, 1959 on his plea of guilty, convicting him of feloniously possessing a narcotic drug with intent to sell (Penal Law, § 1751, subd. 2), and imposing sentence. (For prior appeal, see 13 A D 2d 966.) Order affirmed (*People* v. *Nicholson,* 11 N Y 2d 1067; *People* v. *Howard,* 12 N Y 2d 65). Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EVERETT McCREADY, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated March 14, 1963, which denied, without a hearing, his application to vacate a judgment of the former County Court, Kings County, rendered September 27, 1961 on his plea of guilty, convicting him of robbery in the second degree and attempted robbery in the second degree, and imposing sentence. Order affirmed (*People* v. *Lupo,* 16 A D 2d 943; *People* v. *Hyde,* 16 A D 2d 942). Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DOROTHY W. FLAGG, Respondent, v. ERWIN LENGYEL, as Director of Louden Hall, Appellant.— In a habeas corpus proceeding to obtain the relator's release from Louden Hall (a hospital), the director of that institution appeals from an order of the Supreme Court, Suffolk County, dated January 25, 1963, and made after a nonjury trial, which sustained the writ and discharged the relator from the appellant's custody "upon the ground that the [relator] * * * is mentally competent and capable of taking care of herself, her property and her affairs". Order affirmed, without costs. We do not regard the court's stated reasons for sustaining the writ as in any way constituting an adjudication of competency within the meaning of article 81 of the Civil Practice Act (the provisions of which are now to be found in art. 5-A [§ 100 *et seq.*] of the Mental Hygiene Law). The order in no sense purports to discharge the committee, or to direct the restoration of the relator's property to her, or otherwise to interfere with the jurisdiction of the Supreme Court, New York County, in the incompetency proceeding there pending. The court in that proceeding has exclusive jurisdiction of the estate, to be exercised in accordance with well-established principles (*Matter of Andrews,* 192 N. Y. 514; *Matter of Ireland,* 246 App. Div. 113; *Matter of Barnes,* 185 Misc. 215). Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.