(76 App. Div. 126.)

In re ARNOLD.

(Supreme Court, Appellate Division, First Department.    November 21, 1902.)

1. COMMITTEE OF AN INCOMPETENT—ACCOUNTING—PROCEEDINGS TO REMOVE.
     The proceedings had under Code Civ. Proc. § 2342, by which the presiding justice of the appellate division had examined annually, as therein provided, the accounts and inventories filed by the committee of an incompetent, being ex parte, and the committee not having rendered an intermediate account, and had it judicially settled, on notice, as therein provided, are not a bar to a proceeding for removal of the committee for unauthorized charges and disbursements under section 2339.

2. SAME.
     The proceeding under Code Civ. Proc. § 2339, for removal of a committee of an incompetent for unauthorized charges and disbursements, where founded wholly on the annual accounts filed by them, should include an intermediate accounting, which should be first had.

Appeal from special term, New York county.

Application by Harriet H. Arnold, an incompetent person, by George B. Morris, her special guardian, for removal of Edwin M. Wight, committee of her person and property. From an order appointing a referee to take proof of the facts set forth in the petition and answer, and to report the testimony with his opinion thereon, said committee appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Gratz Nathan, for appellant.
Morris A. Tyng, for respondent.

LAUGHLIN, J.   The special guardian of the incompetent person was appointed by the special term, and he has instituted this proceeding for the removal of the committee. The application is principally based on the annual accounts filed by the committee, which it is claimed show unauthorized charges and disbursements by him. The appellant was appointed committee of the person and property of the incompetent person by the supreme court on the 15th day of December, 1897, on the petition of her father, with the consent of her brother and sister, and he gave a bond in the penal sum of $10,000. He has promptly filed annual accounts and inventories in the form and manner as required by law. It appears that these accounts have been regularly examined by the presiding justice of this court through the aid of a referee who was empowered to and did take evidence. From such

examinations it appeared that the committee has accounted for all of the property of the incompetent person, and has filed vouchers for all disbursements, and his accounts were in form approved.

The appellant contends that the proceedings had under section 2342 of the Code of Civil Procedure, by which the presiding justice of this court has examined annually as therein provided the accounts and inventories filed by the committee, constitutes a bar to this proceeding; and he further contends that, in any event, that section prescribes the sole method for removing a committee. We deem this contention untenable. Section 2342 of the Code of Civil Procedure, so far as it was not new, was based upon chapter 446 of the Laws of 1874, which provided, among other things, that committees of the person and property of incompetent persons should file semiannual accounts, and authorized the court appointing them to enforce compliance therewith. The provision of that law requiring the filing of annual accounts by general guardians appointed by a surrogate's court to file annual verified inventories and accounts was re-enacted in the Code, and made applicable to the committees of incompetent persons. Code Civ. Proc. § 2341. The provision with reference to enforcing compliance with this requirement of the law, as re-enacted in section 2342 of the Code, devolves the power and duty upon "the presiding judge of the court, by which the committee of the property was appointed, or if he was appointed by the supreme court, the county judge of the county where the order appointing him was entered"; and it is provided that an order made pursuant to this authority "may be entered and enforced and failure to obey it may be punished as if it were made by the court." The provisions of section 2342 directing such "presiding judge or county judge," in the month of February of each year, to examine or cause to be examined under his direction all accounts and inventories filed by committees of the person and property since the first day of February of the preceding year, and authorizing such judge to require the committee to render "a more full or satisfactory inventory or account" in the event of the failure of the committee to comply with such order or an order requiring him to file an account where he has failed to file any, and authorizing the judge, where he has reason to believe that sufficient cause exists for the removal of the committee, to appoint a special guardian of the incompetent person for the purpose of filing a petition to that end, were all new. The annual account was required to be filed for the information of the court, and these proceedings for examining the accounts and requiring the filing of more full and complete accounts are ex parte, out of court, and not designed to be binding upon the incompetent person or those interested in his estate. Diaper v. Anderson, 37 Barb. 168; In re Hawley, 104 N. Y. 250, 10 N. E. 352. It will be observed that, where the committee was appointed by the supreme court, these duties and powers with reference to examining the accounts and enforcing compliance with the law devolve on the county judge of the county. This committee was appointed by the supreme court, and consequently the duty and authority with reference to the ex parte proceedings in such case rested upon and was vested in the county judge of the county of New York. There being no county judge in this county, the duties

devolving upon a county judge were exercised by the judges of the court of common pleas. In re Morgan, 56 N. Y. 629; Lang v. Brown, 6 Hun, 256; People v. Donohue, 15 Hun, 446. At the time of the enactment of the Code of Civil Procedure, the court of common pleas, which had a presiding justice, existed in this county; and courts of record with a presiding justice or chief judge of other than the supreme court and county court existed in other counties which had charge of the appointment of committees of the person and property of incompetent persons. With reference to committees appointed in these courts, it was prescribed, as has been seen, that these ex parte proceedings should be taken by the "presiding justice." This was construed to mean the judge who presided at the general term of said courts; and the presiding judge of the court of common pleas customarily performed these duties and exercised these functions, not only in cases where the committee was appointed in the court of common pleas but in cases where the committee was appointed in the supreme court. The constitution of 1894, in abolishing the court of common pleas, provided that the appellate division should have the jurisdiction theretofore exercised by that court at general term. Sections 2 and 5, art. 6. In this manner it has been deemed that these powers and duties thereby vested in the presiding justice of the appellate division, by whom they have been since exercised. It is expressly provided in section 2339 of the Code that "a committee either of the person or property of an incompetent person is subject to the direction and control of the court by which he was appointed with respect to the execution of his duties; and he may be suspended, removed or allowed to resign, in the discretion of the court." Section 2342 was amended in 1895 (chapters 746 and 946) and 1899 (chapter 350) by incorporating the provision authorizing the committee, with the consent of the court, to render an intermediate account of his proceedings and have the same judicially settled. This evidently was designed solely to authorize an intermediate accounting on the application of the committee; but it did not devest the court of power under the general authority conferred by section 2339 to require such intermediate accounting whenever good cause therefor was satisfactorily shown. In the present case the committee has been acting for many years, but has not seen fit to ask leave of the court, under section 2342, to have an intermediate judicial accounting.

The application—with the exception of some general charges contained in the petition, which are altogether too indefinite to be the basis of a proceeding of this character—for the removal of the committee is founded wholly upon the annual accounts thus filed by him. It is claimed that it appears thereby that there has been a waste of the funds and property of the incompetent person, in that the disbursements and charges made by the committee have been unauthorized or excessive. The sole object of the proceeding is to determine whether the committee should be removed. The petition does not pray for, nor does the order require, a final or intermediate judicial accounting. Yet it is manifest that, in order to determine whether these disbursements and charges were unauthorized or excessive, the same examination would be required

as to determine whether they should be allowed on an intermediate or final accounting. If the court, on the testimony taken before the referee and his report, shall be of the opinion that the petitioner has failed to establish cause for the removal of the committee, the estate of the incompetent will have been put to a large expense without any action being taken that will be in any manner final, binding, or profitable. No intermediate accounting will have been had, and the items which will have been examined by the referee and court, and perhaps approved, may be disallowed at some future time on an intermediate or final accounting. If that should be the result of the proceeding, it will be of no benefit or advantage to the incompetent person. If, on the other hand, the committee should be removed and a final accounting should be required, it will involve an examination of these matters anew. While the proceeding is authorized under section 2339 of the Code of Civil Procedure, we are of opinion that, since its determination depends upon whether the disbursements and charges made by the committee as shown by his annual accounts were authorized or are excessive, an intermediate accounting should have been asked for and ordered in the first instance, and the motion, so far as it asked for the removal of the committee, should be adjourned until after such accounting. Then, if any reason for the removal of the committee be shown on the accounting, the order for his removal may be based on the facts thus shown; and, if the removal should be warranted, the accounting would become final, and otherwise it would be intermediate. In either case, something useful and final would be accomplished without extra cost or expense to the estate. This appears to have been the practice followed in Re Chapman, 43 App. Div. 231, 59 N. Y. Supp. 1025. We do not intend to lay down the rule that an accounting should be had in all cases of applications for the removal of a committee, but only where the removal is asked upon grounds which involve the examination of the accounts of the committee, and depends upon the allowance or disallowance of items thereof. If it could be charged that the committee has misappropriated funds, or has been guilty of any corruption, dishonesty, or other misconduct in the management of the estate, such questions might well be determined without an accounting; but where accounts and inventories have been filed, examined, and approved as prescribed in section 2342 of the Code, such a charge should be reasonably definite and specific, both in order to narrow the issue, and that the committee may know the particulars of the charge with sufficient definiteness to enable him to meet the same. The only charge contained in the petition not based upon what is shown in the inventories and accounts filed, and that would not depend upon an accounting, is an assertion, upon information and belief,—the sources and grounds of which are not stated,—that the committee has dispensed moneys to others "alleged to be in his employ, but really for his own use." This charge is apparently only incidental to the main charges, which involve the validity and reasonableness of certain charges and disbursements shown in the annual accounts, and it is wholly insufficient to warrant the order of reference.

It follows, therefore, that the order should be reversed and the motion denied, but without costs, and without prejudice to renewal. All concur.