tion on the sidewalk, or a defect in it, the situation would have been different; but here there is no claim that the defendant did anything excepting to "permit" snow and ice to remain on this sidewalk, no notice having been given the defendant that there was any snow thereon, so far as appears in the complaint. So, if this sidewalk became unsafe and was dangerous, it was wholly from natural causes; and, notwithstanding the provisions of the charter above quoted with reference to the duty and liability of an abutting owner, I do not think, in the first instance, that an action would lie exclusively against the owner for damages sustained by a pedestrian, and in favor of the injured party, for the statute does not in terms make the lot owner liable to the party injured, and it would be improper to read into the statute something which it does not contain, and it should not.be made to extend beyond its express provisions. Fitzgerald v. Quann, 109 N. Y. 441, 17 N. E. 354; Dean v. Met. El. R. R. Co., 119 N. Y. 540, 23 N. E. 1054; Tremblay v. Harmony Mills, 171 N. Y. 598, 64 N. E. 501.

I think, if the plaintiff has a cause of action, she should have looked in the first instance to the municipality, and that the demurrer should be sustained, both because it does not state facts sufficient to constitute a cause of action, and also because there is a defect of parties defendant in that the city of Auburn is not made a defendant. The demurrer is therefore sustained, and judgment directed on the demurrer in favor of the defendant, with costs.

Demurrer sustained, and judgment directed on demurrer in favor of defendant, with costs.

---

(62 Misc. Rep. 510.)

### In re GOFF.

(Supreme Court, Special Term, Monroe County. March, 1909.)

INSANE PERSONS (§ 41*)—COMPENSATION OF COMMITTEE.

On the settlement of the account of a committee of the personal property of an incompetent after his death, his widow, who constituted the committee, cannot be allowed compensation for personal care during the last three years of his life, while unable to take care of himself, as extra compensation as committee.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 63; Dec. Dig. § 41.*]

In the matter of the accounting of Mary S. Goff, as committee of Burton H. Goff, incompetent. Motion confirmed, with report of referee. Claim of committee for compensation denied.

Nelson E. Spencer, for motion.

Charles M. Williams, special guardian, opposed

FOOTE, J. No objection is made to the accounts of the committee as found by the referee, and the referee's report in this respect should therefore be confirmed.

The committee asks to be allowed $15 per week for 144 weeks as additional compensation over and above her commissions, and her claim is based upon the extent and character of the personal services which

she performed for the deceased incompetent during the last 3 years of his life. The deceased incompetent was her husband, and she lived with him and took personal care of him during these years. He was suffering from paresis and was not competent to care for himself. During the first 2 years he required constant watching to keep him from wandering away from their home, and during the last year he was confined for the most part to his bed, and the care which she gave him was such as a nurse would be expected to give. It was, no doubt, very trying and difficult work; and, if it were legally permitted to award her special compensation, the amount claimed would not be unreasonable under the circumstances. The claim is based upon section 2338 of the Code of Civil Procedure, which is as follows:

"A committee of the property is entitled to the same compensation as an executor or administrator. But in a special case, where his services exceed those of an executor or administrator, the Supreme Court or a County Court within the county may allow him such an additional compensation for such additional services, as it deems just. The compensation of a committee of the person must be fixed by the court, and paid by the committee of the property, if any, out of the funds in his hands."

This is not an application to fix the compensation of the committee of the person, but for extra compensation as committee of the property. It would seem that such extra compensation could only be allowed for special and extraordinary services in relation to property; but, however that may be, and assuming that it may be treated as an application to fix the compensation of the committee of the person, I think no allowance can be made to the committee for the services on which her claim is based. They are services rendered by her as the wife of the incompetent, and not as his committee; and they are such services as she would have been expected to render, and would have rendered, exactly the same, had some other person been acting as his committee, in which case it is clear that she would not have been entitled to compensation.

The learned counsel for the committee refers to chapter 289, p. 844, of the Laws of 1902 (now section 60 of the domestic relations law in the Consolidated Laws), as a legislative sanction of the right of the wife to claim compensation here; but this statute certainly was not intended to give the wife a right of action against her husband for services rendered by her in the household. It has reference to services she may render for others, and not for her husband.

My conclusion is that the claim of the committee for compensation for the nursing and personal care of her husband cannot be allowed.

Ordered accordingly.