In the Matter of the Examination of the Annual Account of
JAMES B. GREENE as Committee of MARIA O'LEARY, an
Incompetent Person.

(County Court, Oneida County, March, 1911.)

Former adjudication — Adjudication in particular actions or proceed-
ings — Adjudication in lunacy proceedings — Accounts of com-
mittees.

Insane persons — Guardianship — Accounting by committee: Annual
accounts — Subject to judicial scrutiny and correction: Charges
and credits.

   The annual accounting of the committee of an incompetent per-
son, filed pursuant to section 2342 of the Code of Civil Pro-
cedure, is subject to judicial scrutiny and correction.

   A committee cannot be allowed expenses of visits to the incom-
petent which were purely social or friendly and not necessary for
the administration of the estate.

   Nor can the committee charge as an expense for the use of his
own team when on business relating to the administration of the
estate.

   The committee may deduct in his annual account commissions
on moneys which he had received and paid out, but should not be
allowed half commissions on money received and not disbursed.

   Whether the action of the county judge in surcharging the
annual account of a committee is final, or whether the committee
may include rejected items in his final account and then have an
adjudication upon the question of their allowance, quære.

   PROCEEDING upon the filing of the annual account of the
committee of an incompetent person.

   P. H. Fitzgerald, for committee.

   F. J. Sisson, examiner of committee's accounts.

   HAZARD, J.   This is a proceeding under section 2342 of
the Code of Civil Procedure.   The committee has filed an
account and supplemental account of his transactions for the
year 1910, and certain objections thereto have been made by

the official examiner, and a hearing had on the voluntary appearance of the accounting party at which he was sworn and examined with reference thereto.

The exact scope of section 2342 in cases like this is not entirely clear, that section providing that " the county judge * * * must examine, or cause to be examined under his direction, all accounts and inventories filed by committees of the person and property, since the first day of February of the preceding year." Unless the county judge exercises some control and authority over objectionable items appearing in such accounts, the provision above quoted would seem an idle one, and I, therefore, assume that it is the intention of the law that some supervision at least should be exercised. As to the finality of the decision which is about to be made, or, to put it another way, as to whether the committee might not include the items here disallowed in his final accounting and then secure a final adjudication upon them, I do not here attempt to decide. It seems, however, clear to me that some of the items included in the accounts before me are improper ones, and that I should, therefore, disallow them.

The committee makes a charge of a total of eleven visits from his home in Florence in this county to Utica State Hospital, where the incompetent person is confined, charging five dollars expenses for each visit, a total of fifty-five dollars. Upon his examination he admitted frankly that the visits were purely social or friendly, and were not necessary for the administration of the estate. It seems to me, therefore, that they cannot be charged against the estate, and I, therefore, disallow those items.

The account contains items of six trips from Florence to Utica to consult with Mr. Fitzgerald, the committee's attorney. On one of these occasions it appears that it was necessary for the committee to make a deposition in reference to some claims made on behalf of this estate, and that item is, therefore, clearly allowable. As to the other five, I am not so clear. It would appear that most of the business with the attorney might have been done by correspondence; however, the committee testifies that he made all of the visits to see Mr. Fitzgerald about the business of the estate, and

Misc.]     County Court, Oneida County, March, 1911.

that in his judgment it was important, if not necessary, that he should do so, and I, therefore, feel disinclined to disallow the items. He has charged five dollars for expenses on each item, except one for which he charged ten dollars, being an occasion when he stayed in Utica over night; and it appears from his examination that one of the items of expense was two dollars charged for livery on each occasion. It also appears that the committee has a team of his own, and that on all but two occasions he used his own team. Upon the authority of Pullman v. Willetts, 4 Dem. 536, this charge must be disallowed, viz., a total of eight dollars.

The committee has also in his account taken out full commissions, both for receiving and disbursing the entire amount of money which has come into his hands. It appears that he was appointed in February, 1901, and that he has received money from several sources, and has disbursed considerable but not all of it. In a case like this, where the entire *corpus* of the estate is likely to be consumed, I think it is allowable for the committee upon his annual accounting to deduct commissions upon what he has actually received and paid out, but he certainly cannot deduct commissions for both receiving and paying out upon what he still has in his hands; neither do I think the practice which obtains in some quarters of committees taking out one-half commissions for *receiving* the estate is a matter of good practice.

The account of this committee must be surcharged by adding the items of fifty-five dollars and eight dollars. It must be further corrected by putting back into the fund the item of seventy-four dollars and fifty-eight cents commissions on the whole sum; but, after doing that, the committee may deduct from the balance which will then be shown, his commissions as fixed by law upon so much of the estate as he has both received and paid out.

Ordered accordingly.