THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH B. CLARK, Relator, *v.* ———— ADEL, Respondent.

Supreme Court, Kings County, March 15, 1927.

County Court — Queens county — jurisdiction — county judge of Queens county is deprived of all jurisdiction in civil matters by virtue of State Constitution, art. 6, § 11 — examination of accounts of committee of incompetent — acts required of county judge, under Civil Practice Act, § 1379, are judicial and not administrative in character — Civil Practice Act, § 1379, does not now permit said county judge to act in matters other than criminal actions and proceedings — failure of Legislature to repeal reference to county judge, in Civil Practice Act, § 1379, does not permit County Court to act — constitutional amendment nullifies every statutory provision inconsistent therewith — State Constitution, art. 6, § 15, gives City Court of City of New York equity power over unfinished business of civil nature pending in County Courts on December 31, 1926 — said examination is not pending in County Court — jurisdiction vests in Supreme Court exclusively.

The amendment to the State Constitution, article 6, section 11, which, after providing that all jurisdiction in civil actions or proceedings now vested in the County Courts of the counties of Kings, Bronx, Queens and Richmond, after January 1, 1927, shall be withdrawn from such County Courts and vested in the City Court of the City of New York, recites that said County Courts shall thereafter be vested with jurisdiction only in criminal prosecutions or proceedings as now or hereafter provided by law, has stripped the enumerated County Courts of all jurisdiction in civil matters, including the civil jurisdiction vested in a county judge, under section 1379 of the Civil Practice Act, with respect to the examination of accounts of committees of incompetents. The acts required of a county judge, under section 1379 of the Civil Practice Act, are judicial in nature and not merely administrative.

Accordingly, the county judge of Queens county is without jurisdiction to act in the matter of making examinations of accounts and inventories of the committees of incompetents, either directly or through a referee appointed for that purpose, for section 1379 of the Civil Practice Act, read in the light of the constitutional amendment, permits a county judge of the courts in the enumerated counties to act only in criminal matters.

The failure of the Legislature to repeal the references to the county judges of Kings, Queens, Richmond and Bronx counties in sections 1379 and 1380 of the Civil Practice Act has .no controlling significance, since the constitutional provision necessarily nullifies every statutory provision inconsistent therewith.

When section 6, article 11, of the State Constitution divested the County Court of jurisdiction in civil matters, provision was made in article 6, section 15, of the Constitution to transfer all civil actions or proceedings to the newly constituted extension of the City Court of the City of New York in the counties of Kings, Bronx, Queens and Richmond, and there was given said City Court the same degree of equity jurisdiction that the County Court formerly exercised in " civil actions or proceedings " which were " pending " January 1, 1927. However, the City Court received only such equity jurisdiction as is essential as a practical matter to enable it to dispose of unfinished business of a civil nature pending in the County Courts of the counties of Kings, Bronx, Queens and Richmond on December 31, 1926.

Since the annual examination provided for in section 1379 of the Civil Practice Act of the accounts and inventories of the committee of an incompetent is a new procedure each year, it must follow necessarily that this annual examination in February, 1927, was not " pending " in the County Court of Queens county on January 1, 1927, and, consequently, the county judge of Queens county is without jurisdiction to act in the matter.

The jurisdiction to effectuate the purpose outlined in section 1379 of the Civil Practice Act vests in the Supreme Court exclusively and must be assumed by the presiding justice of the Appellate Division, Second Department, in substantially the same manner as it was formerly performed by the County Court and is now performed by the presiding justice of the Appellate Division, First Department.

MOTION for an alternative prohibition order directed to the county judge of Queens county, requiring him to desist from any proceedings relative to the examination under his direction of accounts and inventories of committees of the property of incompetents filed since the 1st day of February, 1927.

*Joseph B. Clark*, attorney in person, for the relator.

*William J. Morris, Jr.*, for the respondent.

*Mark Rudich, amicus curiæ.*

CARSWELL, J. Whatever is said with respect to the county judge of Queens county applies with equal force to the county judges of Kings and Richmond counties.

Independent research has been necessary to enable the court to pass upon the questions involved herein.

It is asserted that the respondent county judge is without power to act in such matters. The amendment to the State Constitution, article 6, section 11, containing a provision operative January 1, 1927, is invoked. It reads:

" * * * From and after the first day of January in the second year following the adoption of this article, all the jurisdiction in civil actions or proceedings now vested in the County Courts

of the counties of Kings, Bronx, Queens and Richmond shall be withdrawn from such County Courts and vested in the City Court of the city of New York as constituted in and by section fifteen of this article, *and said County Courts shall thereafter be vested with jurisdiction only in criminal prosecutions or proceedings* as now or hereafter provided by law. County judges shall perform such duties as may be prescribed by law    *    *    *."

It is asserted that this provision deprives the county judges as well as the County Court in the specified counties of all jurisdiction except in matters of criminal jurisdiction, and particularly that such specified county judges have no power to examine the accounts of committees of incompetents.

The constitutional provision has stripped the enumerated County Courts of all judicial jurisdiction in civil matters.

The respondent asserts that even if the County Court is without jurisdiction, he, as a county judge, still has the power to examine such accounts and inventories under section 1379 of the Civil Practice Act. That section reads: " Annual examination of accounts and inventories. In the month of February of each year, the presiding judge of the court by which the committee of the property was appointed, or if he was appointed by the supreme court, the county judge of the county where the order appointing him is entered, must examine, or cause to be examined under his direction, all accounts and inventories filed by committees of the person and property since the first day of February of the preceding year. If it appears upon the examination that a committee appointed as prescribed in this article has omitted to file his annual inventory or accounting, or the affidavit relating thereto, as prescribed in the last section, or if the judge is of the opinion that the interests of the person with respect to whom the committee was appointed requires that he should render a more full or satisfactory inventory or account, the judge must make an order requiring the committee to supply the deficiency, and also, in his discretion, personally to pay the expense of serving the order upon him. An order so made may be entered and enforced, and the failure to obey it may be punished, as if it were made by the court. Where the examination of the accounts and inventories of committees of incompetent persons provided for. herein is made pursuant to the order or direction of a county judge, the expense of such examination as allowed by the county judge directing the examination shall be payable by the county treasurer of the county out of any court funds in his hands, upon the order of the county judge directing such examination."

The claim that the constitutional provision does not strip the

county judge as such of civil jurisdiction he formerly possessed under section 1379 of the Civil Practice Act can only be sustained by holding that the acts required of a county judge under that section are not judicial; merely administrative. If they are not administrative, then the right of the respondent to proceed under section 1379 cannot be sustained.

Examining into the situation that preceded the enactment of section 1379 of the Civil Practice Act may be helpful.

The jurisdiction over the person and property of incompetents, equitable in its character, vested in the Supreme Court in the first instance, as the successor to the Court of Chancery. (*Matter of Andrews*, 192 N. Y. 514.) This equitable jurisdiction was conferred on the County Court concurrently with the Supreme Court, by section 67, subdivision 4, of the Civil Practice Act and predecessor statutes. This concurrent jurisdiction in the County Court as a court ended when the provision in the constitutional amendment contained in article 6, section 11, took effect on January 1, 1927. Over fifty years ago it was found that checking up was needed in advance of final accountings or even intermediate accountings, to avoid dissipation of property of incompetents, and that some agency should be required and authorized to inquire into such matters *ex parte*. Unless some such procedure were provided, the evil of dissipation of the estates of incompetents would occur in some instances, as a result of the discovery of the wrongful acts of committees being belated and committees meanwhile becoming partly, if not wholly, irresponsible financially.

This resulted in the Legislature enacting regulatory acts providing for an annual examination of accounts. (Civ. Prac. Act, § 1379, and predecessor acts.) These regulatory acts did not give to the Supreme Court any jurisdiction that it did not already possess. They merely outlined the procedure with respect to that jurisdiction and added to the means of its exercise. That procedure provided for the using of the county judge of the county where the order appointing the committee was entered to act as the agency of the Supreme Court to inquire into such accounts. The examination under section 1379 was not binding upon the incompetent or any one else (*Matter of Arnold*, 76 App. Div. 126), but merely furnished a means of checking up the committee in advance of the time for an accounting which would bind the incompetent and those otherwise interested.

What are the acts required under sections 1379 and 1380 of the Civil Practice Act? They are (a) examination of accounts; (b) the making of an order requiring an additional account; (c) rejection of items and surcharging an account; (d) punishing the committee

if he disobeys the order; (e) fixing and allowing expenses; (f) appointing a special guardian in proceedings for the removal of a committee; (g) passing upon the sufficiency or the circumstances of a cause for removal of a committee.

As the initial examination becomes or may become a part of these subsequent acts of the county judge, it may not be considered alone, but must be considered in conjunction with the foregoing to determine whether or not the duties required of the county judge or his appointee in the examination of accounts and inventories are judicial or administrative in their nature.

Whether an action or function is judicial or ministerial is to be determined by the nature or quality of the act itself and not by the character of the instrumentality authorized to perform it. A ministerial act contemplates the substantial excluding of the exercise of discretion or judgment by reason of the prescribing of what is to be done with such a degree of precision as to leave substantially nothing to discretion. A judicial act, however, contemplates the exercise of discretion or judgment founded upon or independent of a decision of fact. (34 C. J. 1178 *et seq.*)

Applying these concepts to what under sections 1379 and 1380 of the Civil Practice Act may be required of a county judge, the acts required are clearly judicial, and an exercise of prohibited civil jurisdiction. For example, the county judge is authorized to require by order a more complete and satisfactory inventory. This determination involves both a finding of fact and an exercise of discretion or judgment resulting from an application of the law thereto. This is a judicial act. Section 1379 in two instances gives the county judge discretion to determine the item of expense, one in connection with the serving of an order upon the committee, and secondly it gives discretionary power to the county judge to make an allowance by order for the expense of an authorized examination. Each of these acts involves an exercise of judicial discretion as to the propriety of imposing a burden in specific instances, and each constitutes a judicial act. The failure to comply with the order of the county judge, under section 1380 of the Civil Practice Act, contemplates " a proceeding." In that proceeding the fitness of character of a guardian and sufficiency of cause for removal of a committee are passed upon. Both of these acts are judicial in their nature, and the conducting of such a proceeding is a judicial proceeding. (*Matter of Andrews, supra.*) The order referred to in section 1379 of the Civil Practice Act may be entered and enforced " as if it were made by the court." An order of a court is a judicial act. It is something which follows an exercise of judgment upon facts or law, or both, in a judicial way.

The same conclusion follows an applying of the foregoing principles to each of the acts authorized in sections 1379 and 1380 of the Civil Practice Act. (*Matter of Metz* v. *Maddox*, 121 App. Div. 147; *Matter of Greene*, 71 Misc. 403; *Matter of Andrews*, 192 N. Y. 514; *People ex rel. Baldwin* v. *Supervisors of Livingston County*, 26 Barb. 118; *Supervisors of Onondaga* v. *Briggs*, 2 Den. 26.) The enumerated acts must be considered together to determine whether or not that which is required of a county judge under those provisions constitutes judicial action or merely ministerial action. No other conclusion survives such a scrutiny than that the acts required of a county judge under these sections are indisputably judicial in their nature and not ministerial. Judicial duties in civil matters may not be constitutionally imposed upon such a county judge, assuming but not deciding that ministerial duties in matters not affecting criminal jurisdiction could be required of a county judge in Queens county.

In view of the new constitutional provision and the foregoing, section 1379 of the Civil Practice Act no longer validly authorizes the county judge herein to act. But this does not necessarily mean that that section is without effect. The law abhors a hiatus to the same degree that nature abhors a vacuum. There has been a devolution of the duties specified in the section.

The Supreme Court always had jurisdiction of such matters and the regulatory statute only utilized the specified county judges as instrumentalities acting on behalf of the Supreme Court. The constitutional provision having destroyed the availability of the instrumentality an examination of section 1379 seems to discover that the exercise of the regulatory power has merely shifted by succession from the county judge (where it was a County Court committee) to the presiding judge of the court which had and still continues to have power to appoint committees and under section 1379 supervise similar committees. That officer in this judicial department seems to be the presiding justice of the Appellate Division.

How are accounts of committees of incompetents examined under section 1379 in a county where there is no county judge, because of the complete abolition of the office of county judge?

It was held that a judge of the Court of Common Pleas was a county judge in the county of New York within the statutes designating the county judge to do certain acts. (Laws of 1847, chap. 470, § 24; *Lang* v. *Brown*, 6 Hun, 256; *Matter of Morgan*, 56 N. Y. 629.)

The Court of Common Pleas was abolished by the adoption of the State Constitution of 1894, and the duties of that court

devolved upon the Supreme Court. It was held that the presiding judge of the General Term of the Court of Common Pleas had as his successor the presiding justice of the Appellate Division of the department in which the Court of Common Pleas formerly carried on the duties of a County Court. (*Matter of Arnold, supra.*) And since the complete extinction of the Court of Common Pleas, judges of which court were deemed to be county judges, and the absorption of all its jurisdiction by the Supreme Court, has resulted in the presiding judge of the Appellate Division being deemed the presiding judge referred to in section 1379, so far as the county of New York is concerned, the same result should ensue where there is not a complete extinction of the County Court or of the county judge, but merely an extinction of that court's and judge's civil jurisdiction in the county of Queens, since the Supreme Court has resumed the sole jurisdiction in incompetency matters which it formerly exercised concurrently with the County Court. This includes commitments now taken care of in Special Term Part 2, formerly taken care of in the County Court.

Parity of reasoning requires that the same view be taken of section 1379, and the same effect be given to it in this department as has been given to it in the first department, where the Court of Common Pleas functioning as a County Court experienced the same form of extinction as did the civil side of the County Court in this county and where section 1379 has been deemed sufficient to enable the presiding justice of the Appellate Division in the first department to enforce the salutary provisions of section 1379 of the Civil Practice Act.

In the New York county illustration the devolution of power is the result of express devolving of the powers of the Court of Common Pleas upon the Supreme Court. This does not differ in substance and effect from the withdrawal of the county judge instrumentality as an aid of the Supreme Court in its previously existing and continuing jurisdiction in property matters relating to incompetents accomplishing thereby a coincident reversion of the *exercise* of that jurisdiction to the Supreme Court. The jurisdiction in the Supreme Court continues and there operates upon it section 1379 with the reference to the County Court nullified by the new constitutional provision. Considering section 1379 from this angle leads to the same result as the view based on succession of power. Eliminating the references therein to the County Court as ineffectual because of the constitutional amendment, it still operates unimpaired as to other courts. Thus stripped it reads: "In the month of February each year the Presiding Judge of the court by which the committee of the property was

appointed   *   *   *   must examine, or cause to be examined under his direction, all accounts and inventories filed by committees of the person and property since the first day of February of the preceding year." Many, if not all committees are appointed in the Supreme Court. Eliminating the invalid County Court references, the presiding justice of the Appellate Division in the second department is required to act under that section with respect to Kings, Queens and Richmond county matters. No line of devolution of power need be traced in such instances to require the presiding justice to act. The line of devolution of power need only be traced possibly where the committee was appointed, if there be any such, by the County Court and in such an instance the succession to the power in the presiding justice may be found to have been devolved in the manner invoked in New York county with reference to the Court of Common Pleas, which court was deemed to be a County Court.

The failure of the Legislature to repeal the references to the county judges in Kings, Queens, Richmond and Bronx counties in sections 1379 and 1380, has no controlling significance. The last applicable legislative declaration is contained in chapter 214 of the Laws of 1926, which inserted subdivision 5 in section 67 of the Civil Practice Act. This by unequivocable language declared that the County Courts of Kings, Bronx, Queens and Richmond " shall thereafter be vested with jurisdiction *only* in criminal prosecutions or proceedings as now or hereafter provided by law." This legislative enactment follows correspondingly unequivocable language in article 6, section 11, of the Constitution, which provided that the County Courts specified are to be " vested with jurisdiction only in criminal prosecutions or proceedings as now or hereafter provided by law." This constitutional provision necessarily nullifies every statutory provision which is inconsistent with the new constitutional provision. The provision in article 6, section 11, of the Constitution, reading: " County judges shall perform such duties as may be prescribed by law, and their compensation, as established by law, shall be payable out of the county treasury," must be construed in a manner in harmony with the clear and unequivocable constitutional and legislative purpose confining County Courts to jurisdiction in criminal prosecutions exclusively. The reference to county judges performing such duties as may be prescribed by law, concerns the doing of acts which are consistent with the exercise of jurisdiction in criminal matters only. Such matters would be the exercise of appointing power in their respective courts, fixing of salaries if authorized to do so, *et seq.* It cannot be construed to permit the Legislature to authorize these county

judges to exercise jurisdiction in a judicial way outside the field of criminal prosecutions or proceedings or administrative matters connected therewith. In other words, the Legislature is without power to authorize these county judges to do any judicial act in matters of civil jurisdiction.

This brings us to the question of what effect upon the subject-matter herein is to be given to article 6, section 15, of the State Constitution. When section 6, article 11, divested the County Court of jurisdiction in civil matters, provision was made in article 6, section 15, of the Constitution to transfer all civil actions or proceedings to a newly constituted extension of the City Court of the City of New York, set up in the counties of Kings, Bronx, Queens and Richmond. That constitutional provision, however, expressly avoided giving any general equity jurisdiction to the City Court. It did provide, however, that the said City Court " shall have and exercise the equity jurisdiction previously vested in the respective County Courts from which such cases are so transferred, but not otherwise."

In other words, the City Court was given the same degree of equity jurisdiction that the County Court formerly exercised in " civil actions or proceedings " which were " pending " January 1, 1927. This provision not only indisputably establishes that all equitable jurisdiction formerly in the County Courts was divested from said County Courts, but it also circumscribed very narrowly the equity jurisdiction to be exercised by the City Court.

What is a pending action or proceeding within the constitutional provision over which the City Court may exercise jurisdiction?

The view that must be taken of what constitutes a pending action or proceeding must be a view that will effectuate the general constitutional and legislative purpose manifested in the constitutional and statutory provisions hereinbefore cited. That purpose is to take from the County Courts all jurisdiction in civil matters and give to the City Court no equity jurisdiction except such as is needful as a practical matter to enable the City Court to dispose of unfinished business of a civil nature pending in the County Courts on December 31, 1926. For instance, if an order to compute in a mortgage foreclosure action has been signed, but the report thereon has not been filed in the County Court on December thirty-first, the next act, that of entry of a judgment of foreclosure and sale following the referee's report, would be made by the City Court. But this sort of pending business is not to be extended to include anything that can reasonably be held not to be a pending matter. The annual examination provided for in section 1379 of the accounts and inventories of a committee of an incompetent

is a new proceeding each year. It is a separate and distinct matter each year from its fellow proceeding of the preceding or succeeding year.

It must follow, therefore, that this annual examination in February, 1927, provided for in section 1370, is not " pending " in the County Court on January 1, 1927, by reason of it being similar in character to previous annual examinations in the same court in 1926, with relation to the same general subject-matter and, therefore, jurisdiction of the examination does not pass to the City Court by virtue of article 6, section 15, of the Constitution.

The conclusion, therefore, follows, that the county judge herein is without jurisdiction to act in the matter of making examination of accounts and inventories of the committees of incompetents either directly or through a referee appointed for that purpose. The jurisdiction to effectuate the purposes outlined in section 1379 of the Civil Practice Act vests in the Supreme Court exclusively, and is to be carried out by the presiding justice of the Appellate Division of the second department as a duty directly imposed or possessed by succession and performed either directly or through a referee or referees appointed for the purpose, in substantially the same manner it was formerly performed by the County Court and is now performed by the presiding justice of the Appellate Division, first department. If the Legislature did not intend this result to ensue, it is free to regulate the matter by having the Supreme Court accomplish the same result in some other manner.

The motion for an alternative prohibition order directed against the respondent is granted. Settle order on notice.