■ In the Matter of BRUCE M. ROSECRANS. HAROLD E. ROSECRANS et al., Appellants; JAMES P. McCAFFREY, as Commissioner of Social Services for the Albany County Social Services Department, Respondent.—Levine, J. Appeal from that part of an order of the Supreme Court (Hughes, J.), entered June 3, 1987 in Albany County, which denied petitioners' application pursuant to Mental Hygiene Law § 77.27 to fix compensation for their services as conservators of the property of Bruce M. Rosecrans.

In 1981, at the age of 19, Bruce M. Rosecrans (hereinafter the conservatee) contracted spinal meningitis. As a result, he suffers from encephalopathy and is now in a permanent state of akinetic mutism, involving a lack of spontaneous movement and awareness and unresponsiveness to most stimuli. He is presently a patient at a specialized convalescent home in Hyannis, Massachusetts, and will require such institutional care for the remainder of his life, which is expected to last 15 to 20 years.

In 1987, the conservatee's father, as his guardian ad litem,

settled a medical malpractice action for the initial misdiagnosis of the spinal meningitis. As a result of this settlement, $600,000 was deposited in a brokerage account with First Albany Corporation to provide for the conservatee's future care. As a condition of the settlement, the Albany County Department of Social Services (hereinafter the Department) agreed to waive its $280,000 lien for the cost of the conservatee's medical care while the suit was pending. In return, the Department reserved the right to recover a portion of any balance remaining upon the conservatee's death. It was estimated that the settlement proceeds, which had to cover, *inter alia,* $275 a day for care at a convalescent home, would be depleted in eight years. The conservatee had no other assets.

After the settlement became final, petitioners, the parents of the conservatee, initiated this special proceeding pursuant to Mental Hygiene Law article 77 seeking appointment as conservators of their son's property and $1,500 per month as compensation. To support their claim for compensation, petitioners averred that they had moved from Albany County to Massachusetts to be near their son, visited him daily and sometimes brought him to their home for the day. Petitioners felt that this care was responsible for some improvement in his condition. The Department supported petitioners' appointment as conservators but opposed their request for compensation, claiming that the fees sought were excessive in light of the fact that the conservatee's finances were being professionally managed. The Department further contended that it would be prejudiced by such compensation, since it would defeat the purpose of the lien waiver—to maximize the funds available for the conservatee's future care.

Supreme Court held an informal hearing attended only by petitioners. Following the hearing, the court ordered that petitioners be appointed conservators and authorized the purchase of a specially equipped van for them to use to transport the conservatee, but denied them any compensation. Petitioners and the conservatee's guardian ad litem have appealed from the portion of Supreme Court's order denying the conservators compensation.

Petitioners contend that Supreme Court erred in refusing to provide compensation for their services as conservators. According to petitioners, as conservators they have a duty to provide for, *inter alia,* the "personal well-being of the conservatee" (Mental Hygiene Law § 77.21) and they are fulfilling this duty by their relocation and daily visits with the conservatee. Although petitioners' efforts no doubt improve the

conservatee's quality of life to some degree, the issue before this court is whether these intensive services are within petitioners' duty as conservators and, thus, properly compensable from the estate.

In our view, a conservator's duty to provide for the personal well-being of a conservatee who is in an institution which apparently provides first-rate care entails only periodic visits to the facility to monitor the conservatee's state of health and to determine that the placement is still appropriate. Petitioners' decision to live near the convalescent home and visit the conservatee daily reflects the devotion of loving parents. In any event, it is well beyond the duty owed by a conservator and, hence, not compensable (see, Matter of Wallace, 172 App Div 544, 547; Matter of Greene, 71 Misc 403, 404; Matter of Goff, 62 Misc 510, 511-512). This is particularly true where, as here, it is expected that the conservatee's estate will be insufficient to provide for him for the rest of his life. Accordingly, we agree with Supreme Court's determination that petitioners were not entitled to the compensation requested. Nonetheless, petitioners are entitled to some reasonable compensation for the services they properly render as conservators. Since the record before us is insufficient to make this determination, the matter must be remitted to Supreme Court.

Order modified, on the law, without costs, by reversing so much thereof as denied petitioners compensation for their services as conservators; matter remitted to the Supreme Court to fix the amount of such compensation; and, as so modified, affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.